Filed 3/10/21  P. v. Zitzer CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H047693, H047825 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. Nos. B1801130, C1896795) |
| v. | |
| ZACHARY ALAN ZITZER, | |
| Defendant and Appellant. | |

In case No. C1896795, defendant Zachary Alan Zitzer pleaded no contest to buying and receiving stolen property with a value exceeding $950; possession of a forged driver's license; and possession for sale of two controlled substances.  In case No. B1801130, Zitzer pleaded no contest to identify theft; buying and receiving stolen property; possession of controlled substance paraphernalia; and possession of burglar tools.  The trial court imposed an aggregate term of three years in county jail.

We appointed counsel, who filed an opening brief stating the case and the facts but raising no specific issues.  We notified Zitzer of his right to submit written argument on his own behalf within 30 days.  The deadline has passed and we received no response.

We have reviewed the entire record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  (See also *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*).)  We conclude there is no arguable issue on appeal, and we will affirm the judgment.

# I. FACTUAL AND PROCEDURAL BACKGROUND

## A. *Procedural Background*

In case No. C1896795, the prosecution charged Zitzer with seven counts:  Count 1—buying and receiving stolen property with a value exceeding $950 (Pen. Code, § 496, subd. (a))[1]; count 2—possession of a forged driver's license (§ 470b); count 3—possession for sale of cocaine (Health & Saf. Code, § 11351); count 4—possession for sale of methamphetamine (Health & Saf. Code, § 11378); count 5—possession for sale of Alprazolam (Health & Saf. Code, § 11375, subd. (b)(1)); count 6—possession of controlled substance paraphernalia (Health & Saf. Code, § 11364); and count 7—possession of burglar tools (§ 466).  Zitzer pleaded no contest to counts 1, 2, 4, and 5 in exchange for the reduction of count 5 to a misdemeanor under section 17 and dismissal of the remaining counts.  The trial court imposed a total term of three years, consisting of the upper term of three years for count 1, concurrent 2-year terms for each of counts 2 and 4, and 10 days in county jail for count 5.

In case No. B1801130, the prosecution charged Zitzer with four counts:  Count 1—acquiring or retaining possession of personal identifying information of 10 or more people with intent to defraud (§ 530.5, subd. (c)(3)); count 2—buying and receiving stolen property with a value exceeding $950 (§ 496, subd. (a)); count 3—possession of controlled substance paraphernalia (Health & Saf. Code, § 11364, subd. (a)); and count 4—possession of burglar tools (§ 466).  The complaint further alleged Zitzer had previously served a prior prison term.  (§ 667.5, subd. (b).)  Zitzer pleaded no contest to all four counts in exchange for dismissal of the prior prison term.  The trial court imposed 2-year terms for each of counts 1 and 2 concurrent with the sentence imposed in case No. C1896795, and 30 days in county jail for each of counts 3 and 4 to be served concurrently.

---

[1] Subsequent undesignated statutory references are to the Penal Code.

Zitzer timely appealed and did not seek a certificate of probable cause in either case.

## B. *Facts of the Offenses*

Police reports filed in case No. C1896795 state that police stopped Zitzer's car for several vehicle code violations and searched the car based on his consent and probation status. Police found multiple fake identification cards; multiple credit cards; cocaine; methamphetamine; suspected Xanax; glass narcotics pipes; Ziploc baggies; foil packaging; scales; $611 in cash; makeshift keys; and numerous other items consistent with identify theft.

According to a postal inspection report filed in connection with case No. B1801130, police stopped a car occupied by Zitzer and two other persons. Police conducted a consent/probation search of the car and found drug paraphernalia; burglary tools; and mail, birth certificates, driver's licenses, credit cards, and other financial documents that had been stolen from multiple victims. Police located eleven victims from the recovered mail and personal documents.

## II. DISCUSSION

We have reviewed the entire record under *Wende*, *supra*, 25 Cal.3d 436, and *Kelly*, *supra*, 40 Cal.4th 106. We find no arguable issue on appeal, and we conclude appellate counsel has fully complied with her responsibilities. (*Wende,* at p. 441.)

## III.   DISPOSITION

The judgment is affirmed.

_____
Greenwood, P.J.

WE CONCUR:


_____
Bamattre-Manoukian, J.




_____
Grover, J.




People v. Zitzer
Nos. H047693/ H047825